UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON WYATT ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>ALTA ENTERPRISES, LLC,<br><br>Defendant. | Case No. 26-cv-10538<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR LEAVE TO AMEND AND DISMISSING THE ACTION WITHOUT PREJUDICE**

## I. Introduction

Before the Court are *pro se* Plaintiff Jason Wyatt Engel's motion for leave to submit an updated application to proceed *in forma pauperis* and motion for leave to file a fourth amended complaint against Alta Enterprises, LLC (Alta). (ECF Nos. 28, 33). Engel alleges that Alta terminated his employment in retaliation for his complaints concerning tax withholding documents and other workplace practices. For the following reasons, the Court will (1) grant Engel's application to proceed *in forma pauperis* and allow the action to proceed without prepayment of the filing fee; (2) grant leave to file the fourth amended complaint; (3) grant Engel's requests to submit exhibits and consider the relevant exhibits in screening the fourth amended

complaint; (4) dismiss the fourth amended complaint without prejudice; and (5) deny the remaining motions and requests as moot.

## II. Background

### A. *Factual History*

Alta hired Engel as an outside-sales representative in June 2024, and he began working in July 2024. (ECF No. 33-1, PageID.585–586, ¶¶ 32, 37-38). During his employment, Engel disputed Alta's handling of his tax withholding documents. (*Id.* at PageID.587-88, ¶¶ 42, 48). Engel submitted a document he identifies as a "W-4E" through Alta's Dayforce system on February 18, 2025.[1] (*Id.* at PageID.587, ¶42; ECF No. 6, PageID.61). Alta later stated that it rejected that submission because Engel claimed exemption from federal income tax withholding without a valid legal basis. (ECF No. 6, PageID.30). Engel also requested to use a W-8BEN form.[2] (ECF No. 6, PageID.62; ECF No. 33-1, PageID.589, ¶ 54). In a March 11, 2025 email, Alta's human-resources department informed him that Dayforce did not support W-

[1] Engel calls his submission a "W-4E," but the corresponding exhibit is a Form W-4 claiming exemption from withholding. (ECF No. 33-1, PageID.587, ¶42; ECF No. 6, PageID.61). Form W-4 informs an employer how much federal income tax to withhold and allows eligible employees to claim exemption. *See* Internal Revenue Serv., *Form W-4, Employee's Withholding Certificate* (2025), https://www.irs.gov/pub/irs-prior/fw4--2025.pdf.

[2] Form W-8BEN is used by nonresident-alien individuals to certify foreign status for federal tax withholding purposes and, where applicable, claim tax-treaty benefits. *See* Internal Revenue Serv., *Instructions for Form W-8BEN* 1 (Oct. 2021), https://www.irs.gov/pub/irs-pdf/iw8ben.pdf.

8BEN forms and instructed him to complete a W-4 claiming exemption if he did not wish to have taxes withheld. (ECF No. 6, PageID.62).

On July 14, 2025, Engel delivered a written complaint to Alta's human-resources and legal personnel challenging its tax-document requirements and alleging coercion, retaliation, and unauthorized surveillance of employee communications. (ECF No. 33-1, PageID.588, ¶ 48; ECF No. 6, PageID.26–28). He maintained that his claimed status as a non-citizen national or Michigan National entitled him to use a W-8BEN. He requested that Alta recognize his asserted tax status, investigate the alleged surveillance, preserve relevant records, and pay him $150,000. (ECF No. 6, PageID.26–28).

On July 21, 2025, Alta terminated Engel's employment through a letter from its outside counsel, Thomas J. Cedoz of Husch Blackwell LLP. (ECF No. 6, PageID.30–31). Although the letter noted that Engel was an at-will employee, it expressly identified the basis for termination as his "submission of false or invalid tax withholding documents," which Alta characterized as "serious misconduct in violation of federal law and Company policies." (*Id.* at PageID.30). Specifically, Alta asserted that Engel's February 2025 W-4 claimed exemption from federal income tax withholding "without a valid legal basis" and that his July 2025 W-8BEN falsely asserted nonresident-alien status despite his being a U.S. citizen. (*Id.*). Alta maintained that it had properly rejected both submissions and that Engel's actions

"exposed the Company to potential regulatory scrutiny and disrupted normal payroll operations." (*Id.*).

The letter also characterized Engel's $150,000 demand under threat of litigation and criminal complaints as "extortionate" and stated that Alta had investigated his allegations and found them "baseless." (*Id.* at PageID.31). It denied that Alta monitored personal devices and stated that Alta's chief legal officer had unsuccessfully attempted to contact Engel on multiple occasions. (*Id.*). The letter concluded that, because Engel continued to insist on withholding treatment as a "Private Citizen/State National Non-Resident," Alta "must terminate [his] employment." (*Id.*). Engel disputes Alta's stated reasons and alleges that they conflict with its prior employment, performance, payroll, and other records. (ECF No. 33-1, PageID.589, ¶¶ 55-57, PageID.598–599, ¶¶ 94, 100, 108). According to Engel, an October 2024 performance evaluation reflected satisfactory performance and no misconduct or disciplinary concerns. (ECF No. 33-1, PageID.589, ¶56; ECF No.14, PageID.215-16).

Following his discharge, Engel sought unemployment benefits, but the Michigan Unemployment Insurance Agency (UIA) disqualified him based on the alleged misconduct. (ECF No. 33-1, PageID.591, ¶68). On February 24, 2026, an administrative law judge reversed the UIA's determination. (ECF No. 33-1, PageID.592, ¶¶ 73-75; ECF No. 6, PageID.32-35). The administrative law judge

concluded that Alta had failed to establish job-related misconduct because it provided neither supporting documents nor testimony from a witness with firsthand knowledge of Engel's discharge. (ECF No. 6, PageID.35). Engel relies on that ruling to challenge Alta's characterization of his conduct as serious misconduct and its stated reasons for terminating his employment. (ECF No. 33-1, PageID.593, ¶76).

Engel also filed a charge through the Equal Employment Opportunity Commission (EEOC) alleging that Alta terminated him in retaliation for raising concerns and asserting legal rights concerning workplace and related matters. (ECF No. 33-1, PageID.593-94; ¶¶ 78-79(A); ECF No. 6, PageID.75). On April 21, 2026, the EEOC dismissed the charge and issued a determination and notice of right to sue. (ECF No. 26, PageID.440; ECF No. 33-1, PageID.596, ¶ 87). The EEOC stated that it would not investigate further and made no determination concerning the merits of his claims. (ECF No. 26, PageID.440).

B. *Procedural History*

Engel filed this action and applied to proceed without prepaying fees or costs on February 17, 2026. (ECF Nos. 1, 2). His original complaint asserted employment-related and financial claims against Alta Equipment Group Inc. and several other defendants. (ECF No. 1).

Engel subsequently submitted a first amended complaint, a second amended complaint, additional requests to amend, and numerous motions seeking leave to

submit exhibits. (ECF Nos. 6–16, 20, 22–27, 29, 32–33). His latest amendment motion seeks leave to file a fourth amended complaint, which he explains corrects the numbering and formatting of his preceding proposed pleading. (ECF No. 33, PageID.576–577). The Court will grant that motion and treat the fourth amended complaint (ECF No. 33-1) as the operative pleading for screening.

The fourth amended complaint names Alta Enterprises, LLC as the sole defendant. (ECF No. 33, PageID.576). Engel explains that he is pursuing claims against Ford Motor Credit and FMR in separate federal actions and includes allegations concerning those entities only to provide context concerning his employment, chronology, causation, and damages. (ECF No. 33-1, PageID.580). The amended complaint asserts five counts: (1) employment discrimination through retaliation; (2) breach of contract; (3) fraud and/or material misrepresentation; (4) unjust enrichment, pleaded in the alternative; and (5) declaratory and equitable relief. (*Id.* at PageID.597–606, ¶¶ 88–152).

Engel also moved to submit an updated application to proceed *in forma pauperis*, explaining that his financial circumstances had materially changed. (ECF No. 28, PageID.448–449). The Court will grant Engel's updated application to proceed *in forma pauperis*. (ECF No. 28). It now screens the fourth amended complaint and addresses the remaining pending motions.

III. Legal Standard

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims "based on an indisputably meritless legal theory" or "clearly baseless" factual allegations. *Id*. at 327.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotation marks omitted).

IV. Analysis

As explained above, the Court grants Engel's latest motion for leave to amend (ECF No. 33) and considers his fourth amended complaint (ECF No. 33-1) as the operative pleading for screening. This renders his earlier amendment requests moot. (ECF Nos. 7, 12, 20, 29). It also renders his motion to correct the defendant's name

in the caption moot because the operative complaint identifies Alta Enterprises, LLC as the sole defendant. (ECF No. 27).

The Court also grants Engel's motions for leave to submit exhibits (ECF Nos. 6, 9-11, 15, 16, 22-26, 32) and grants his combined motion (ECF No. 13) as to the exhibits while denying the request to amend as moot. The Court will consider the relevant exhibits in screening the fourth amended complaint, beginning with Engel's Title VII retaliation claim.

A. *Title VII Retaliation*

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). It also prohibits an employer from retaliating against an employee for opposing such discrimination or participating in a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a). An employee's complaint qualifies as protected opposition if he reasonably and in good faith believes that the challenged conduct violates Title VII. *Yazdian v. ConMed Endoscopic Technologies, Inc.*, 793 F.3d 634, 645–46 (6th Cir. 2015). That belief must be objectively reasonable, meaning "a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee" would believe that the challenged conduct was unlawful. *Id.* at 646 (citation omitted). An employee need not use legal terminology or complain with "absolute formality, clarity, or precision." *Id.* at 645 (citation omitted). But general complaints

about unfair treatment do not suffice unless they concern discrimination on one of these protected grounds. *Id.* at 645–46.

A prima facie retaliation claim requires protected activity, the employer's knowledge of that activity, an adverse employment action, and a causal connection between the protected activity and the adverse action. *Id.* at 649. Although Engel need not establish a prima facie case at the pleading stage, he must allege facts supporting a plausible claim of unlawful retaliation. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012).

Engel alleges that he engaged in protected activity by raising concerns that he "reasonably believed implicated unlawful discrimination and retaliation," notifying Alta, and requesting investigation and corrective action. (ECF No. 33-1, PageID.597, ¶ 90). His allegations and July 14 complaint concern Alta's handling of his tax documentation, its refusal to recognize his asserted status as a "non-citizen national" or "Michigan National" for withholding purposes, and alleged surveillance of employee communications. (*Id.* at PageID.587–588, ¶¶ 42, 48; ECF No. 6, PageID.26–28, 62).

Although Engel uses the term "national," he invokes his asserted status as a "non-citizen national" or "Michigan National" to support his claimed entitlement to different tax withholding treatment. (ECF No. 6, PageID.26–28). He does not allege that his complaints challenged discrimination based on his place of origin or the

physical, cultural, or linguistic characteristics of a national-origin group. *See* 29 C.F.R. § 1606.1. Even if Engel sincerely believed that Alta violated his rights, his allegations provide no factual basis for an objectively reasonable belief that its tax withholding requirements or alleged surveillance constituted discrimination prohibited by Title VII. *See Yazdian*, 793 F.3d at 646. He therefore does not plausibly allege protected opposition.

Engel's allegations concerning the timing of his termination and Alta's explanations do not cure this deficiency. He emphasizes that Alta terminated him seven days after his written complaint and alleges that its stated reasons conflict with its employment, performance, tax, and payroll records. (ECF No. 33-1, PageID.598–599, ¶¶ 92–108). He also relies on the administrative law judge's ruling reversing his unemployment disqualification. (*Id.* at PageID.591–593, ¶¶ 68–76). Accepting those allegations as true, they may support his contention that his complaints prompted his termination or that Alta's explanations were inaccurate. They do not, however, supply the missing connection to discrimination prohibited by Title VII.

The Court need not determine whether Engel submitted invalid tax documents or whether Alta accurately characterized his conduct as misconduct. Even accepting Engel's account, the fourth amended complaint does not plausibly allege that Alta terminated him for activity protected by Title VII. The Court therefore dismisses Count I without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

B. *Remaining Claims and Requests for Relief*

Counts II, III, and IV assert state law claims for breach of contract, fraud or material misrepresentation, and unjust enrichment, respectively. (ECF No. 33-1, PageID.600–604, ¶¶ 111-141). Having dismissed Engel's federal Title VII claim, the Court may decline to exercise supplemental jurisdiction over these state-law claims. 28 U.S.C. § 1367(c)(3). When all federal claims disappear before trial, the balance of considerations ordinarily favors dismissal of the remaining state-law claims. *See Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir.1987) ("It is generally recognized that where . . . federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims."); *see also Stanley v. Western Michigan University*, 105 F.4th 856, 867 (6th Cir. 2024).

That approach is appropriate here. The action remains at the screening stage, and the Court has not adjudicated the merits of Engel's state-law claims. Judicial economy, convenience, fairness, and comity favor allowing the state courts to resolve those claims. *See Williams v. Addison Cmty. Schs.*, 168 F.4th 791, 794–95 (6th Cir. 2026). The Court therefore declines supplemental jurisdiction over Counts II, III, and IV and dismisses them without prejudice.

Count V seeks declaratory and equitable relief concerning the same conduct underlying Engel's substantive claims. (ECF No. 33-1, PageID.604–606, ¶¶ 142-

152). The Declaratory Judgment Act supplies a remedy, not an independent basis for federal subject-matter jurisdiction. *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014). To the extent Engel seeks relief under Title VII, his failure to state a substantive claim forecloses that relief. To the extent he seeks relief based on state law, the Court declines supplemental jurisdiction for the reasons stated above. *See* 28 U.S.C. § 1367(c)(3). The Court therefore dismisses Count V without prejudice. Accordingly,

IT IS HEREBY ORDERED that Engel's motion for leave to submit an updated application to proceed *in forma pauperis* (ECF No. 28) is GRANTED. The updated application is GRANTED, and Engel may proceed without prepayment of the filing fee.

IT IS FURTHER ORDERED that Engel's earlier applications to proceed without prepaying fees or costs (ECF Nos. 2, 19) are DENIED AS MOOT.

IT IS FURTHER ORDERED that Engel's motion for leave to file his fourth amended complaint (ECF No. 33) is GRANTED. The fourth amended complaint (ECF No. 33-1) is deemed filed and is the operative complaint.

IT IS FURTHER ORDERED that Count I of the fourth amended complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the Court DECLINES to exercise supplemental jurisdiction over Counts II, III, and IV under 28 U.S.C. § 1367(c)(3). Those claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Count V's requests for declaratory and equitable relief are DISMISSED WITHOUT PREJUDICE along with the underlying claims on which they depend.

IT IS FURTHER ORDERED that Engel's motions for leave to submit exhibits (ECF Nos. 6, 9, 10, 11, 15, 16, 22, 23, 24, 25, 26, 32) are GRANTED.

IT IS FURTHER ORDERED that Engel's motion for leave to file a second amended complaint with additional exhibits (ECF No. 13) is GRANTED IN PART as to submission of the exhibits and DENIED AS MOOT as to filing the proposed second amended complaint.

IT IS FURTHER ORDERED that Engel's remaining motions for leave to amend his complaint (ECF Nos. 7, 12, 20, 29) and motion for leave to correct the defendant's name in the caption (ECF No. 27) are DENIED AS MOOT.

Dated: October 22, 2026

s/Robert J. White
Robert J. White
United States District Judge